# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**QUAD/GRAPHICS, INC.,**
        **Plaintiff,**

      v.                                                                   Case No. 13-C-1407

**NORTHERN & SHELL NORTH**
**AMERICA LTD., et al.,**
        **Defendants.**

## ORDER

The plaintiff has filed a complaint in this court and alleges that federal subject matter jurisdiction exists under 28 U.S.C. § 1332. The plaintiff is incorporated in Wisconsin and has its principal place of business there and thus is a citizen of Wisconsin. There are two defendants. The first is Northern & Shell North America Ltd. ("Northern North America"). The plaintiff alleges that this defendant is a "foreign corporation registered to do business in New York with is last known office located [in New York City]." This allegation is not sufficient to identify the citizenship of this defendant. For purposes of diversity jurisdiction, a corporation is a citizen of "every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The plaintiff alleges that Northern North America is a "foreign corporation," and although the term "foreign" is ambiguous (in this context, it could mean either "a state other than Wisconsin" or "a foreign country"), under either meaning it is clear that Northern North America is not incorporated in Wisconsin. The problem is that the plaintiff does not identify Northern North America's principal place of business. Instead, the plaintiff identifies its "last known office," which is insufficient—the defendant's last

known office might not have been its principal place of business at the time the complaint was filed. Accordingly, the plaintiff must amend its jurisdictional allegations and identify Northern North America's principal place of business.

The second defendant is Northern & Shell Media Group Ltd. ("Northern & Shell Media Group"). The plaintiff alleges that this defendant is "a foreign corporation with its office located [in London]." Again, the allegation that the defendant is a foreign corporation is sufficient to allege that the defendant is not incorporated in Wisconsin. But again the problem is that the plaintiff does not clearly identify the defendant's principal place of business. Instead, it identifies its "office." Perhaps the plaintiff is using "office" as a synonym for "principal place of business," but because district judges must be sure that they have subject matter jurisdiction before proceeding with a case, I will require the plaintiff to amend its jurisdictional allegations and confirm that it is alleging that Northern & Shell Media Group's principal place of business is in London.

**THEREFORE, IT IS ORDERED** that, within ten days of the date of this order, the plaintiff shall amend its jurisdictional allegations to clearly identify the principal place of business of each of the defendants.

Dated at Milwaukee, Wisconsin, this 18th day of December, 2013.

s/ Lynn Adelman

_____
LYNN ADELMAN
District Judge